CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

10/27/2017

JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| SUSAN VIRGINIA PARKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 5:14cv00035 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL AUSTIN, et al., | ) | By: Hon. Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's motion for leave to file an amended complaint adding Count Seven, alleging Intentional Infliction of Emotional Distress. ECF No. 111. Count Seven is not premised on new facts, and could have been included as a count more than three years ago when the original complaint was filed. Further, it was filed after the close of discovery and jurisdictional remand from the court of appeals. As such, it comes far too late. Moreover, the proposed amendment is futile as it fails to plausibly state a claim for relief. Accordingly, the motion for leave to amend will be **DENIED**.

In this action, plaintiffs contend that two children were unconstitutionally removed from the home of their parents and placed in the Henry & William Evans Home for Children, Inc. ("Evans Home"), where they received "improper medical treatment and . . . physical and emotional abuse and neglect," Compl., ECF No. 1, ¶ 1, during their stay there between July 26, 2012 and August 29, 2012. Id., ¶ 67.

On April 28, 2015, the court granted defendants' motion to dismiss the first five counts of the Complaint, finding no violation of the Fourth or Fourteenth Amendments or any actionable

1

false imprisonment claim. Mem. Op., ECF No. 54. That left only Count Six, alleging a state law tort claim concerning an injured ankle of one of the children.[1]

A standard scheduling order was entered, and the case was set for trial on February 8-9, 2016. The scheduling order contained a deadline for completion of discovery 90 days prior to trial. On the eve of that deadline, November 6, 2015, plaintiff filed a motion to voluntarily dismiss the remaining state law claim, indicating that he had just attained his majority and taken over management of his case.

> The Plaintiff's explanation for the need for voluntary dismissal is quite simple, yet compelling. Plaintiff reached his majority in July 2015 and is now taking over the management of his case from his mother and father. In the last month or so, Plaintiff has determined that if he is not able to settle with Defendants, he wishes to pursue whatever appeal rights he may have of the federal claims. He also wishes to have the ability to re-file the state law claims in state court if he decides to pursue them at another time. He wishes to have the voluntary dismissal before incurring too many expenses in the current case, and also wishes to make sure that he is pursuing the claims that he thinks are in his best interest in this matter. He also wishes to avoid the need to request amendment of his pleadings at this stage of this case. This would have the potential for delay in this court of the trial date, as well as a delay in the adjudication of the appeal of his federal claims, now that he is managing his own case.

Mem. in Supp. of Mot. for Voluntary Dismissal, ECF No. at 3-4.

Thereafter, the parties submitted an agreed order voluntarily dismissing Count Six, which the court entered on November 25, 2015. ECF No. 94. On December 21, 2015, plaintiffs appealed the order dismissing Counts One through Five. ECF No. 95. On June 6, 2017, the Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction and remanded the case for completion of the case as to Count Six. ECF Nos. 102, 103. After the mandate issued on June 28, 2017, ECF No. 107, the court held a telephonic conference with counsel and issued a scheduling order on June 29, 2017.

---

[1] At the time the complaint was filed in July 2014, both plaintiffs were minors. As such, the claim was brought by their parents and next friends. On October 23, 2015, Justis Funkhouser moved that he be substituted as a party plaintiff as he had attained his majority. ECF No. 82. An Order to that effect was entered on October 30, 2015. ECF No. 89.

ECF No. 110. On July 7, 2017, plaintiffs filed a motion to amend the complaint to add Count

Seven, ECF No. 111, to which defendants have objected. ECF No. 113.

## I.

Leave to amend a pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure

should be "freely granted." Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "Leave to

amend should be given absent some stated reason, such as undue delay, bad faith, futility, or undue

prejudice to the opposing party." Red Bird Egg Farms, Inc. v. Pennsylvania Mfrs. Indem. Co., 15

Fed Appx. 149, 154 (4th Cir. 2001). Further, a court may deny leave to amend where the proposed

amendment is "clearly insufficient or frivolous on its face." Anand v. Ocwen Loan Servicing, LLC,

754 F.3d 195, 200 (4th Cir. 2014) (internal citation omitted). For example, an amendment is futile

where the amended pleading could not survive a motion to dismiss. See Perkins v. United States, 55

F.3d 910, 917 (4th Cir. 1995); Miller v. Jack, No. 1:06-CV-64, 2007 WL 1169179, at *1 (N.D.W. Va.

Apr. 19, 2007). In addition, some courts deny leave to amend where the amended pleading could

not withstand a motion for summary judgment. See McKay Consulting v. Rockingham Mem'l

Hosp., No. 5:09-CV-00054, 2010 WL 3200061, at *9 (W.D. Va. Aug. 11, 2010); Smith v. EVB, No.

3:09-CV-554, 2010 WL 1253986, at *2 (E.D. Va. Mar. 23, 2010) (citing Steinburg v. Chesterfield

Cnty. Planning Comm'n, 527 F.3d 377, 390–91 (4th Cir. 2008)).

## II.

In his motion to amend, plaintiff seeks to add a claim for Intentional Infliction of Emotional

Distress based on his stay at the Evans Home from July 26, 2012 to August 29, 2012.[2] Proposed

Am. Compl., ECF No. 111-1, ¶¶ 67, 96-106. Three paragraphs of the Statement of Facts section of

the original Complaint contain facts bearing on the new Intentional Infliction of Emotional Distress

claim alleged in Count Seven of the proposed Amended Complaint.

---

[2] On its face, this claim is asserted only on behalf of Justis Funkhouser, also the plaintiff in Count Six.

80. While J and K were confined in the Evans Home, Regan, the Powers and the Rudolphs told J and K that they would not go home again and that they would not live with their parents again, that their parents had not done activities with them or cared about them, causing the children severe anguish and disturbance.

81. While J and K were confined in the Evans Home, the Powers and the Rudolphs, particularly Brent Rudolph, who was most insistent upon it, would require J and K to say that J and K "loved" them.

82. J and K had never met the Powers or the Rudolphs before their confinement, and knew them for approximately five (5) weeks. The Powers' and the Rudolphs' (particularly Brent Rudolph's) insistence that the children tell them they "loved" them was very confusing and disturbing to the children.

Compl., ECF No. 1, ¶¶ 80-82.

The first 90 paragraphs of the proposed Amended Complaint mirror the original Complaint. The proposed Amended Complaint omits Counts One through Five dismissed by the court in 2015, contains an identical Count Six and the new Count Seven, reflected in paragraphs 96 through 106 of the proposed Amended Complaint. Paragraphs 98 through 100 of the proposed Amended Complaint state the following:

98. As previously stated, the intentional actions by the Evans Home Defendants included, but were not limited to, confining Justis, as well as telling Justis while he was still an adolescent and confined in their care and subject to their authority that Justis' parents did not care for him, and did not live him.

99. In addition, the Evans House Defendants would put their arm around Justis and provide unwanted and unsolicited physical affections to Justis while he was in their care, they would make Justis tell them he loved them when he barely knew them, all of which caused confusion to Justis as a teenage boy and was disturbing to him.

100. The Evans Home Defendants' actions were outrageous and intolerable in that children who are in the care and subject to the authority of the Evans Home Defendants should not be interrogated and relentlessly pressured to turn against their parents one minute, and then subjected to unwanted affectionate words and touching the next.

4

Proposed Am. Compl., ECF No. 111-1, ¶¶ 98-100.

## III.

As is readily apparent, these allegations contain no new facts. Plainly, new Count Seven could have been included in the original complaint, but was not. Plaintiff offers no explanation as to why this claim was not included in the original complaint, and it simply comes far too late in this case. On April 28, 2015, the court granted a motion to dismiss the first five counts and a trial was set on Count Six for February 8-9, 2016.  Discovery was completed. With the discovery cutoff set in the scheduling order looming, plaintiff sought a voluntarily dismissal of Count Six on November 6, 2015, with the understanding that litigation concerning the remaining state law claim would take place in state court. Mot. for Leave to Amend Compl., ECF No. 111, ¶ 3. Apparently, this case was not pursued in state court. Now, more than a year later, after the Fourth Circuit returned this case for resolution of Count Six and some five years after the acts alleged, plaintiff seeks to add a new claim based entirely on facts originally pled. Given the unexcused, undue delay and the passage of time, the prejudice to defendants is apparent. As such, granting leave to amend is not warranted. Foman v. Davis, 371, U.S. 178, 182 (1962)(Noting undue delay and futility of amendment as reasons supporting exercise of district court's discretion in denying leave to amend).

## IV.

Further, adding proposed Count Seven would be futile, as it does not state a plausible claim for intentional infliction of emotional distress under Virginia law. Plaintiff alleges that the staff at the Evans Home told him that while his parents did not care for him and love him, they did love him and put their arms around him. These allegations do not rise to the level required to state a claim for intentional infliction of emotional distress in Virginia. In order to state a claim for intentional

infliction of emotional distress,[3] the following elements must be proven by clear and convincing evidence: "The plaintiff must show that 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe." Supervalu, Inc. v. Johnson, 276 Va. 356, 370, 666 S.E.2d 335, 343 (2008). Clearly, plaintiff's allegations come nowhere near this standard, rendering the proposed amendment is futile.

## V.

The motion for leave to amend is both untimely, as it comes years after discovery was to be completed, and futile, as it utterly fails to approximate, much less plead facts sufficient to meet the substantive elements of a Virginia state law claim for intentional infliction of emotional distress. As such, the motion for leave to amend, ECF No. 111, will be **DENIED** in a contemporaneous Order.

Entered: October 27, 2017

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

---

[3] These elements apply to a claim for intentional infliction of emotional distress unaccompanied by physical injury. To be sure, Count Six alleges that plaintiff suffered an ankle injury while at Evans House and was not provided proper medical treatment. However, the claimed intentional infliction of emotional distress alleged in proposed Count Seven has nothing to do with the claimed failure to treat his ankle injury, but rather stems from the affection shown plaintiff by the Evans House staff.